NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONTY SHELTON,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5057

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0519, Judge Francis M. Allegra.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Federal prisoner Monty Shelton has appealed from an adverse judgment of the United States Court of Federal Claims.  He sought waiver of the docketing fee for an appeal, which was denied by this court on April 26, 2013 on the ground that such fees could not be waived pursuant to 19 U.S.C. § 1915(b)(1).  That statute provides "if a prisoner brings a civil action or files an appeal in forma

pauperis, the prisoner shall be required to pay the full amount of a filing fee."

In accordance with this court's order directing the agency with custody of Mr. Shelton to forward an initial partial payment of 20% of the greater of (a) the average monthly deposits to the prisoner's account or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the notice of appeal, *see* 28 U.S.C. § 1915(b)(1), $1.03 was deduced from Mr. Shelton's prisoner account as payment for the initial partial payment. Mr. Shelton now seeks "clarification" and a refund of the $1.03 that was withdrawn from his prisoner account.

The motion is denied. The action taken by the custodian of Mr. Shelton's prisoner account was authorized by § 1915(b)(1), which mandates an initial partial payment "when funds exist." *See Whitfield v. Scully*, 241 F.3d 264, 272 (2d Cir. 2001) (noting that "[s]ection 1915(b) provides that "the prisoner shall be required to pay the full amount of a filing fee," and mandates collection, when funds exist, of an initial partial filing fee equal to 20 percent of the average monthly balances or deposits (whichever is greater) as shown on the prisoner account statement."); *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) ("Section 1915 requires a modest initial filing fee before a case may proceed[.]"). Here, there is no question that funds existed at the time of withdrawal, and Mr. Shelton does not contest the calculation of $1.03 as the proper amount.

Contrary to Mr. Shelton's suggestion, there is no requirement that his account exceed $10 before his initial partial payment is made; that limitation is only imposed on subsequent monthly payments. *See* 28 U.S.C. 1915(b)(2) ("*After payment of the initial partial filing fee*, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the

MONTY SHELTON v.                                         3

prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.").

To the extent Mr. Shelton does not wish to have his account withdrawn for purposes of paying the filing fee once his account exceeds $10, he may submit a motion to withdraw his appeal.

Accordingly,

IT IS ORDERED THAT:

The motion for "clarification" and a refund is denied.


                              FOR THE COURT


                              /s/ Daniel E. O'Toole
                              Daniel O'Toole
                              Clerk